UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

DONNELL WILLIAMS,

           Plaintiff,                    Case No. 2:21-cv-39

v.                                        Honorable Paul L. Maloney

CHARLES CARLSON et al.,

           Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.    Factual allegations**

        Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility

(URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues PREA Manager Charles Carlson, Attorney Michael R. Dean, PREA Regional Manager Mathew Salisbury, PREA Analysis Marry Mitchell, MDOC Director Heidi Washington, Grievance Administrator Richard D. Russell, Warden Connie Horton, Inspector Unknown Miller, Inspector Unknown Brown, Assistant Resident Unit Supervisor Unknown Butler, Prisoner Counselor Candace Newton, Prisoner Counselor Mrs. Unknown Brown, Sergeant Lisa Belanger, and Michigan Attorney General Dana Nessel.

Plaintiff alleges that on February 26, 2018, he was transferred from the Alger Correctional Facility (LMF) to the Chippewa Correctional Facility (URF) in retaliation for calling the PREA hotline to complain that Samantha Corey, Scott Olsen, and Warden Catherine Bauman had failed to protect him from sexual harassment by prison staff. Plaintiff states that at the time he was transferred, URF was on quarantine for the flu virus. On February 27, 2018, Plaintiff sent letters and kites to Defendants Carlson, Salisbury, Mitchell, Washington, Russell, Horton, Miller, Inspector Brown, Belanger, Butler, and Mrs. Brown, seeking protection from harassment and retaliation by MDOC employees.

On March 15, 2018, at 8:14 am, Plaintiff went to the officers' desk to get a grievance form from Corrections Officer Shimmel Penny, who called Plaintiff a "dick" and told him to make sure and spell his name right. On March 16, 2018, Plaintiff filed a grievance on Shimmel Penny and called the PREA hotline. On March 19, 2018, Plaintiff was ordered to move from Lime Unit to D-Unit. On March 20, 2018, Plaintiff sent a kite to Defendant Newton requesting protection from sexual harassment by employees on D-Unit.

On March 21, 2018, Plaintiff filed a staff corruption grievance on Defendants Carlson, Salisbury, Mitchell, Washington, Russell, Horton, Miller, Inspector Brown, Butler, Mrs.

2

Brown, and Belanger for failing to protect Plaintiff from sexual harassment and retaliation by their subordinates.  This grievance was not processed by Grievance Coordinator McLean.

On March 23, 2018, Plaintiff sent letters and kites to Defendants Carlson, Salisbury, Mitchell, Washington, Russell, Horton, Miller, Inspector Brown, Butler, Mrs. Brown, and Belanger seeking to correct deficiencies in the physical layout of the prison which place Plaintiff and other prisoners at a high risk of being sexually harassed by employees.

On April 26, 2018, Corrections Officer Dewit asked Plaintiff if he wanted a class II misconduct.  Plaintiff objected that he had not done anything to deserve a misconduct.  Later that morning, Officer Dewit told Plaintiff that he was the "dick sucking bitch that filed the PREA Investigation on [Corrections Officer] Shimmel Penny."  Plaintiff called the PREA hotline and filed a complaint on Officer Dewit.  Plaintiff also filed a PREA grievance on Officer Dewit.

On May 22, 2018, Plaintiff received a retaliatory misconduct ticket written by Defendant Belanger for calling the PREA hotline 52 times.  On June 13, 2018, Plaintiff called the Director's office by using his anonymous PREA PIN.  Defendant Newton then sent Corrections Officer Cicco to get Plaintiff off the phone on the small yard and to place cuffs on Plaintiff.  Plaintiff claims that Corrections Officer Cicco then sexually harassed him during a strip search in front of an unknown sergeant for his own sexual gratification.

On July 5, 2018, Defendant Belanger completed an investigation into Plaintiff's PREA complaint against Corrections Officer Cicco and found insufficient evidence to support Plaintiff's claims.  On July 9, 2018, Plaintiff filed a staff corruption grievance on Defendants Carlson, Salisbury, Mitchell, Washington, Russell, Horton, Miller, Inspector Brown, Butler, Mrs. Brown, Newton, and Belanger for failure to correct deficiencies in the physical layout of the prison

which placed Plaintiff at high risk of being sexually harassed or retaliated against. Grievance Coordinator McLean did not process the grievance.

Plaintiff claims that Defendants control all of his PREA hotline complaints so they can cover up sexual harassment and retaliation by MDOC employees. Plaintiff was not allowed to file a grievance that involved a PREA hotline investigation. Nor was he allowed to properly exhaust his PREA grievances by filing step II appeals. Plaintiff claims that Defendants Dean and Nessel failed to properly investigate Plaintiff's complaints or to protect him from prison employees.

On July 31, 2018, Plaintiff filed a complaint with the Chippewa County Prosecuting Attorney Dennis J. McShane, on Defendants Washington, Horton, Carlson, for failing to protect Plaintiff from their subordinates, who were sexually harassing Plaintiff and retaliating against him. On August 8, 2018, Plaintiff filed a complaint with Defendant Dean requesting protection from sexual harassment and retaliation by the subordinates of Defendants Carlson, Washington, and Horton. On August 12, 2018, Plaintiff filed complaints with the Attorney Grievance Commission on Defendants Dean and Nessel. On May 15, 2020, Defendant Nessel responded to one of Plaintiff's complaints by stating that the Attorney General did not have jurisdiction or authority to direct the administration of prisons or the MDOC to take action on behalf of an inmate.

Plaintiff seeks damages and injunctive relief.

II.  **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III.    **Respondeat superior**

Initially, the Court notes that Plaintiff fails to make specific factual allegations against Defendants Carlson, Dean, Salisbury, Mitchell, Washington, Russell, Horton, Miller, Inspector Brown, Butler, Newton, Mrs. Brown, or Nessel, other than his claim that they failed to

5

conduct an investigation in response to his grievances and complaints, or to properly supervise their subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Carlson, Dean, Salisbury, Mitchell, Washington, Russell, Horton, Miller, Inspector Brown, Butler, Newton, Mrs. Brown, and Nessel engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

IV. **Sexual harassment**

Plaintiff's assertion that he was sexually harassed by prison employees is conclusory and fails to state a claim. "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain'" forbidden by the Eighth Amendment. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse

6

or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas*, 109 F.3d at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

As the Sixth Circuit recently recognized, "this Court has held that 'isolated, brief, and not severe' instances of sexual harassment do not give rise to Eighth Amendment violations." *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019). The Court concludes that Plaintiff has failed to state a claim under the Eighth Amendment.

V.     **Retaliation**

Plaintiff makes conclusory assertions that he was retaliated against because of his history of filing PREA and other grievances. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'"

7

*Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening) (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)).

Throughout his complaint, Plaintiff alleges the ultimate fact of retaliation with regard to all Defendants except for Defendant Belanger. With regard to Defendants Carlson, Dean, Salisbury, Mitchell, Washington, Russell, Horton, Miller, Inspector Brown, Butler, Newton, Mrs. Brown, or Nessel, Plaintiff has failed to present any facts to support his conclusion that they retaliated against him because of his PREA grievances or other complaints. In addition, as noted above, Plaintiff fails to allege facts showing that the named Defendants Carlson, Dean, Salisbury, Mitchell, Washington, Russell, Horton, Miller, Inspector Brown, Butler, Newton, Mrs. Brown, or Nessel did anything more than fail to properly investigate his complaints. Therefore, Plaintiff's retaliation claims against these Defendants are properly dismissed.

With regard to Defendant Belanger, Plaintiff alleges that on May 22, 2018, Defendant Belanger wrote a misconduct ticket on him for calling the PREA hotline 52 times. However, the Court notes that Plaintiff previously raised this exact claim in another case filed in this Court: *Williams v. Washington, et al.*, Case No. 2:18-cv-144 (W.D. Mich., Jan. 25, 2021). The doctrine of claim preclusion, sometimes referred to as res judicata, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter

8

that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). A claim that is barred by res judicata is legally frivolous. *See, e.g., Taylor v. Reynolds*, 22 F. App'x 537, 538 (6th Cir. 2001); *Hill v. Elting*, 9 F. App'x 321 (6th Cir. 2001).

In *Williams v. Washington, et al.*, Case No. 2:18-cv-144, Plaintiff stated that on May 22, 2018, Defendant Belanger rejected Plaintiff's supplemental PREA complaint and wrote a class II ticket on Plaintiff in retaliation for "calling the PREA hotline 52 times." (*Id.* at ECF No. 7, PageID.77.) This claim was the subject of Defendant Belanger's motion for summary judgment in that case. (*Id.* at ECF No. 61.) After careful consideration of the issue, the Court concluded that Defendant Belanger was entitled to summary judgment on this issue. (*Id.* at ECF Nos. 71 and 73.) Plaintiff's complaint was dismissed and the Court certified that an appeal would not be taken in good faith. (*Id.* at ECF No. 73.) As a consequence, Plaintiff's retaliation claim against Defendant Belanger is barred by res judicata and is properly dismissed

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28

U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  August 24, 2021                       /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge